NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CORDELIO VALENTINO MORRISON, : <br> Petitioner, : <br> : <br> v. : <br> : <br> BRIAN ELWOOD et al., : <br> : <br> Respondents. : | Civil Action No. 12-4649 (PGS) <br><br><br> **O P I N I O N** |

**Sheridan**, District Judge:

This matter comes before the Court by way of Cordelio Valentino Morrison's ("Petitioner") application seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 ("Petition").[1]  See Docket Entry No. 1.  Petitioner claims that he is unlawfully held in custody as a result of Respondents' erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1226(c).[2]

---

[1] Petitioner duly prepaid his filing fee.  See Docket Entry No. 1.

[2] Respondents argue that the Court should dismiss the Petition as to all Respondents except for Brian Elwood, Petitioner's immediate custodian.  Since the only proper respondent to a petition for a writ of habeas corpus is the warden of the facility where the prisoner is being held, see Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711,159 L. Ed. 2d 513 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner']"), Respondents' application to that effect will be granted, and the Petition will be dismissed as to all Respondents except for the warden.

Having carefully considered the submissions made in support of and in opposition to the Petition, the Court will grant Petitioner habeas relief.

**I.   BACKGROUND**

The relevant facts appear undisputed.  Petitioner, a native and citizen of Costa Rica, has been a lawful permanent resident in the United States since 1966.

Petitioner's life in the United Stated resulted in a rather extensive criminal history.  His first conviction took place in 1989 on assault charges.  It was followed by three different convictions rendered on the bases of various controlled-substance offences; these convictions took place in 1993, in 2001 and in 2007.  Moreover, in 2008, Petitioner was convicted on the charges of operating a motor vehicle while being impaired by drugs and, in addition, on unlawful imprisonment charges.  In September 2011, Petitioner was arrested on petit larceny charge and, it appears, detained in connection with the same on March 26, 2012.

Following his first, that is, 1993 conviction on drug-related offenses, the Government instituted his original removal proceedings; those proceedings resulted in grant of waiver by the immigration judge who presided over that matter.  His second round of removal proceedings was commenced shortly after his March 26, 2012, detention, that is, on April 2, 2012, when he was issued a Notice to Appear on the grounds of his 2001 and 2007

controlled-substance convictions.  This second round of Petitioner's removal proceedings is currently underway.  Being deemed a § 1226(c) pre-removal-period alien detainee, Petitioner is held without a bond hearing before his immigration judge.

His Petition could, effectively, be reduced to a statement that the Government erred in classifying him as a § 1226(c) alien detainee and, as a result of this erroneous classification, Petitioner is unduly denied an individualized bond hearing before an immigration judge.

## II. DISCUSSION

### A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Federal courts have subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) if two requirements are satisfied, namely, that (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).

In this case, Petitioner is in custody within this Court's jurisdiction, and has alleged that his mandatory detention without an individualized bond hearing is not statutorily authorized.

Accordingly, the Court will exercise subject matter jurisdiction over the instant Petition.  Accord Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Diop v. ICE/Homeland Security, 656 F.3d 221, 226 (3d Cir. 2011).

**B.   Mandatory Detention**

Section 1226(a) authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  See 8 U.S.C. § 1226(a).  Except as provided in § 1226(c), the Attorney General may release the alien on "bond of at least $1,500."  8 U.S.C. § 1226(a)(2)(A).

By contrast, INA § 236(c), codified at 8 U.S.C. § 1226(c), mandates detention of specified criminal aliens, without bond, during removal proceedings.  It provides:

> The Attorney General shall take into custody any alien who —
>
> (A)  is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title,
> (B)  is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C)  is deportable under Section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
> (D)  is inadmissible under Section 1182(a)(3)(B) of this title or deportable under Section 1227(a)(4)(B) of this title,
>
> *when the alien is released*, without regard to whether the alien is released on parole, supervised release, or

probation, and without regard to whether the alien may
be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c) (emphasis supplied).

### C. Petitioner's Application Merits Habeas Relief

Here, Petitioner seemingly does not dispute that the controlled-substance offenses underlying his 2001 and 2007 convictions could, as a theoretical matter, trigger mandatory detention pursuant to § 1226(c). See, generally, Docket Entry No. 1. Rather, he asserts that § 1226(c) does not apply to him personally because the Government failed to detain him immediately upon his release from criminal incarceration underlying his current removal proceedings.[3] See id. Petitioner, thus, urges this Court to hold that he is detained pursuant to § 1226(a) and, consequently, that he is entitled either to an individualized bond hearing before an immigration judge. See id.

Respondents argue that pursuant to the BIA's decision in Matter of Rojas, 23 I. & N. Dec. 117 (BIA 2001), and limited federal case law that adopted Rojas reasoning, Petitioner is properly detained under Section § 1226(c). See, generally, Docket Entry No. 9. Respondents further contend that the BIA's interpretation of the "when the alien is released" language in

---

[3] Petitioner was released from the latest confinement underlying his current removal proceedings (that is, from penal confinement resulting from his 2007 conviction) in 2008. Thus, his current removal proceedings, instituted in 2012 upon issuance of the Notice to Appear, were commenced four years after the release relevant to the Court's analysis.

5

Rojas is entitled to deference under the principles the Supreme Court set forth in Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837 (1984), because the language of § 1226(c) is ambiguous.[4]  See id. at 9-17.

While Respondents' reliance on Rojas and federal case law building on that administrative determination is duly noted, this Court finds such reliance unwarranted.

In Rojas, the BIA held that the "when the alien is released" language of § 1226(c) mandates that aliens who have been convicted of certain enumerated offenses be detained without the possibility of bail "regardless of when they were released from criminal confinement and regardless of whether they had been living within the community for years after their release."  See id., 23 I. & N. Dec. at 121.

As noted supra, Respondents are arguing that this Court should accord deference to the BIA's interpretation of the "when the alien is released" language and rely on a rather small number of district court opinions and a recent decision of the Fourth

---

[4]  In Chevron, the Supreme Court established a two-step framework for reviewing an administrative agency's interpretation of a statute.  See Cheveron 467 U.S. at 842-43.  Under the first step, the Court must consider "whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter."  Id.  If, however, "the statute is silent or ambiguous with respect to the specific issue," then the Court must proceed to the second step and determine whether the agency's determination was "based on a permissible construction of the statute."  Id.

6

Circuit which accorded deference to the BIA's interpretation in Rojas (holding that an alien may be subject to mandatory detention even if there is a gap between the time of release from criminal incarceration and the time of detention by immigration authorities). See, e.g., Hosh v. Lucero, 680 F.3d 375, 384 (4th Cir. 2012) (holding "that the BIA's interpretation of § 1226(c) was reasonable, and must be accorded deference"); Sulayao v. Shanahan, No. 09 Civ. 7347, 2009 U.S. Dist. LEXIS 86497 (S.D.N.Y. Sept. 15, 2009) (same).

The Third Circuit has yet to rule on whether § 1226(c) contains an immediacy requirement,[5] and this Court is mindful that federal courts have yet to reach a consensus as to the proper interpretation of § 1226(c). Compare, e.g., Hosh, 680 F.3d at 384 (finding the "when the alien is released" language ambiguous, and holding that detention pursuant to § 1226(c) does not require the Government to act immediately upon a criminal alien's release), with, e.g., Saysana v. Gillen, 590 F.3d 7, 18 (1st Cir. 2009) (finding the "when the alien is released" language unambiguous, and holding, albeit in a different context, that "[t]he statutory language embodies the judgment of Congress

---

[5] The issue of how the "when the alien is released" language of § 1226(c) should be interpreted is pending before the Third Circuit. See Sylvain v. Holder, U.S.C.A. Index No. 11-3357, (3d Cir., docketed Aug. 31, 2011), and Desrosiers v. Hendricks, U.S.C.A. Index No. 12-1053 (3d Cir., docketed Jan. 11, 2012). To date, however, the Third Circuit has not issued a ruling in either of these cases.

7

that such an individual should not be returned to the community pending disposition of his removal proceedings").  However, the bulk of relevant decisions entered within this District have held that the "when the alien is released" language requires the Government to act immediately upon an alien's release from criminal custody and, when it does not, said alien is properly considered to be held under § 1226(a), which entitles him or her to a bond hearing.  See, e.g., Kerr v. Elwood, 2012 U.S. Dist. LEXIS 160250 (D.N.J. Nov. 8, 2012); Charles v. Shanahan, 2012 U.S. Dist. LEXIS 145072 (D.N.J. Oct. 9, 2012); Kporlor v. Hendricks, 2012 U.S. Dist. LEXIS 145387 (D.N.J. Oct.9, 2012); Martinez v. Muller, 2012 U.S. Dist. LEXIS 1384763 (D.N.J. Sept. 25, 2012); Nimako v. Shanahan, 2012 U.S. Dist. LEXIS 133110 (D.N.J. Sept. 18, 2012); Dimanche v. Tay-Taylor, 2012 U.S. Dist. LEXIS 116432 (D.N.J. Aug. 9, 2012); Gonzalez-Ramirez v. Napolitano, 2012 U.S. Dist. LEXIS 108227 (D.N.J. July 30, 2012); Kot v. Elwood, 2012 U.S. Dist. LEXIS 61346 (D.N.J. May 2, 2012); Parfait v. Holder, 2011 U.S. Dist. LEXIS 117053 (D.N.J. Oct. 11, 2011); Sylvain v. Holder, 2011 U.S. Dist. LEXIS 69591 (D.N.J. June 28, 2011).

This Court has found that position persuasive and, indeed, expressly and consistently shared in that position.  See Campbell v. Elwood, 2012 U.S. Dist. LEXIS 139203 (D.N.J. Sept. 27, 2012); Cox v. Elwood, 2012 U.S. Dist. LEXIS 122017 (D.N.J. Aug. 28,

2012); Martial v. Elwood, 2012 U.S. Dist. LEXIS 114476 (D.N.J. Aug. 14, 2012); Munoz v. Tay-Taylor, 2012 U.S. Dist. LEXIS 109601 (D.N.J. Aug. 6, 2012); Nunez v. Elwood, 2012 U.S. Dist. LEXIS 49458 (D.N.J. Apr. 5, 2012).[6] Consequently, at this juncture, absent a directive from the Third Circuit, this Court is not inclined to depart from the principles it has consistently articulated in its prior decisions.

Since the Government did not detain Petitioner in connection with his removal proceedings until four years after he was released from penal confinement underlying said removal, this Court holds that Petitioner cannot be properly classified as an alien detainee held under § 1226(c), and his current detention should be reclassified by the Government as a detention resulting from operations of § 1226(a).  As a § 1226(a) detainee, Petitioner should be entitled to an individualized bond hearing before an immigration judge.[7]

---

[6] Respondents seem to be well aware of this Court's position.  See Docket Entry No. 9, at 6 (making an express reference to this Court's prior rulings).

[7] Respondents put a great deal of emphasis on Petitioner's extensive criminal history.  However, Respondents' argument to that effect is inapposite to the issue at bar. While Petitioner's immigration judge may find that Petitioner's criminal history presents a basis to deny him release, Petitioner's eligibility for a bond hearing is not affected by such possibility.  In other words, while not every § 1226(a) detainee gets released on bond, every Section 1226(a) detainee is entitled to be considered for such release.  This Court takes no position as to Petitioner's suitability for release: that issue falls within exclusive discretion of Petitioner's immigration judge and the entities

## III. CONCLUSION

For the foregoing reasons, Petitioner's application seeking a writ of habeas corpus will be granted.

Respondents will be ordered to ensure that an immigration judge provides Petitioner with an individualized bond hearing within fourteen days from the date of entry of this Court's Order accompanying this Opinion: so the immigration judge would determine whether, and under which conditions, Petitioner may be released from custody pending resolution of his removal proceeding.[8] The Government will bear the burden of proving that Petitioner's continued detention is warranted at that bond hearing.

The Petition will be dismissed as to all Respondents except for Petitioner's warden.

---

holding mandate to conduct appellate review of the decisions rendered by immigration courts.

[8] While Congress stripped district courts of habeas jurisdiction to consider most immigration issues, district courts retained jurisdiction to review habeas aspects of immigration cases, if such aspects are unrelated to removal proceedings. See, e.g., Clark v. Martinez, 543 U.S. 371 (2005); Zadvydas, 533 U.S. at 699; Demore v. Kim, 538 U.S. 510, 528-29 (2003). Therefore, district courts (having neither an appellate mandate over immigration courts nor mandate to direct actions by immigration judges in the matters where such judges are not parties) can ensure compliance with their orders through directing actions by the parties. Here, the party charged with the duty to ensure proper compliance with this Court's habeas Order is Respondents.

An appropriate Order accompanies this Opinion.

*s/Peter G. Sheridan*
**Peter G. Sheridan,**
**United States District Judge**

Dated: November 21, 2012